K.L., L.F., and R.B., on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Jim EDGAR, Governor of the State of Illinois, and Ann Patla, Director of the Illinois Department of Mental Health and Development Disabilities, Defendants.

No. 92 C 5722.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 19, 1996.

Joseph A. Starkman, Jeffrey W. Sarles, Mayer, Brown & Platt, Chicago, IL, Roger Pascal, Michael Neil Lloyd, Lisa Ann Brown, Schiff, Hardin & Waite, Chicago, IL, Colleen K. Connell, Harvey Michael Grossman, Benjamin S. Wolf, Susan Gail Wishnick, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, Ira James Belcove, Butler, Rubin, Saltarelli & Boyd, Chicago, IL, for KL.

Steven Ross Gilford, Joseph A. Starkman, Jeffrey W. Sarles, Mayer, Brown & Platt, Chicago, IL, Roger Pascal, Michael Neil Lloyd, Lisa Ann Brown, Schiff, Hardin & Waite, Chicago, IL, Colleen K. Connell, Harvey Michael Grossman, Benjamin S. Wolf, Susan Gail Wishnick, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, for LF, and RB.

Donna M. Lach, State's Attorney of Cook County, Chicago, IL, Joel Gerald Chefitz, Timothy J. Patenode, Kenneth Michael Kliebard, Laura A. O'Connell, Jeffrey G. Close, Katten, Muchin & Zavis, Chicago, IL, for Jim Edgar.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiffs' emergency motion to compel discovery. Specifically, plaintiffs seek to have the court order defendants to allow plaintiffs' experts to visit Department of Mental Health and Developmental Disabilities (DMHDD) facilities, review patient records and other relevant documents, interview patients and staff, and observe the treatment process. Plaintiffs seek to accomplish the interviews of staff members outside the presence of defense counsel.

Defendants initially objected to plaintiffs' discovery request to the extent that defendants felt that the staff interviews should be conducted with defense counsel present. After a series of disagreements between plaintiffs and defendants, defendants now apparently object to any interviews with DMHDD personnel.

Defendants contend that "an unguided, roving deposition of facility personnel is liable to abuse." (Defs.' Resp. to Emergency Mot. on Expert Protocol at 2) (citing *Belcher v. Bassett Furniture Industries, Inc.,* 588 F.2d 904, 908–10 (4th Cir.1978)). The court disagrees. Plaintiffs' discovery request lists the very specific information plaintiffs' experts seek through their interviews with DMHDD staff. In addition, plaintiffs have agreed that they will not use any of the information their experts receive through the interviews as admissions pursuant to Federal Rule of Evidence 801(d)(2)(D). Finally, plaintiffs have asserted that to render adequate opinions, their experts must observe for themselves how care is delivered in DMHDD facilities; and in order to make their observations, must "ask questions of patients and staff about the location of rooms and records, the way certain situations ... are handled, and other basic information." (Pls.' Emergency Mot. to Compel Discovery at 2.) The court agrees with plaintiffs that the experts' questioning of staff is necessary, and cannot be accomplished effectively in any other way than on-site interviews.

Accordingly, the court will allow plaintiffs to conduct the discovery they seek,

but within some limits. The court finds that plaintiffs' experts should be permitted to visit the DMHDD facilities, review records, observe the treatment process, and interview patients and staff members. However, the interviews of staff members should be conducted in the presence of defense counsel, pursuant to Rule 4.2 of the Northern District of Illinois Rules of Professional Conduct.

■ Rule 4.2 provides:

During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

The comment to Rule 4.2 provides:

In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

According to the comment, Rule 4.2 clearly covers plaintiffs' experts' communications with DMHDD staff members who are in managerial positions, such as the directors or assistant directors of the state mental health facilities. It also covers plaintiffs' experts' communications with lower-level DMHDD staff members, since the acts or omissions of the staff persons could be, and presumably will be, imputed to the DMHDD. Therefore, the court finds that any interviews of DMHDD staff members, at any level, must be conducted in the presence of one of defendants' attorneys, unless defendants agree otherwise.

Moreover, plaintiffs may not use the statements of any staff member, at any level, obtained through their experts' interviews of the staff members as admissions pursuant to Federal Rule of Evidence 801(d)(2). Plaintiffs may use the information obtained through these interviews only to the extent that their experts may rely on the information to form their opinions pursuant to Federal Rule of Evidence 703.

Accordingly, the court grants plaintiffs' motion to compel the discovery sought by plaintiffs' fourth request for entry upon land and inspection of state-operated mental health centers, dated October 24, 1996. However, interviews of DMHDD staff members are to be conducted in the presence of one of defendants' counsel, if defendants so desire, and statements made by DMHDD staff members are not to be used against defendants as admissions pursuant to Federal Rule of Evidence 801(d)(2).

The court denies plaintiffs' request, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), that the court order defendants to pay the reasonable expenses, including attorneys' fees, that plaintiffs incurred in making their motion to compel. The court finds that defendants' objections to plaintiffs' discovery request were at least in part substantially justified, and that the conduct of both plaintiffs' and defendants' counsel made plaintiffs' motion necessary.